**Nicholas S. ROY, Plaintiff—Appellant,**

v.

**Victoria BARSHAW; et al.,
Defendants—Appellees.**

No. 07–35984.

United States Court of Appeals,
Ninth Circuit.

cation and is not precedent except as provid-

**124**

Submitted Jan. 13, 2009.*

Filed Jan. 23, 2009.

Before: O'SCANNLAIN, BYBEE and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Nicholas S. Roy, a Washington State prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials retaliated against him for filing public disclosure lawsuits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir.2008), and we affirm.

The district court properly granted summary judgment as to the claims against defendants Klemme and Medina–Hansen because Roy failed to show that they participated in the alleged retaliatory acts. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.1988) ("[T]o prevent summary judgment[t]he prisoner must set forth specific facts as to each individual defendant's [causal role in the alleged constitutional deprivation].").

The district court also properly granted summary judgment as to the claims against defendant Felton because Roy failed to raise a genuine issue of material fact as to whether Felton participated in certain of the alleged retaliatory acts and whether Felton's conduct as to other acts was based on retaliatory motive, rather than legitimate penological goals. *See id.*; *Bruce v. Ylst*, 351 F.3d 1283, 1289–90 (9th Cir.2003) (holding that summary judgment

Nicholas S. Roy, Clarkston, WA, pro se.

Amanda M. Migchelbrink, Esquire, AGWA–Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

---

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

was not appropriate where the plaintiff raised a genuine issue as to whether the stated penological goals for the alleged retaliatory acts were not legitimate).

Although Roy stated a claim against defendant Barshaw, the district court properly determined that Barshaw was entitled to qualified immunity because Roy failed to demonstrate that the right at issue was clearly established. *See Sorrels v. McKee,* 290 F.3d 965, 969 (9th Cir.2002) (stating that the plaintiff bears the burden of showing that the right is clearly established).

Roy's remaining contentions are unpersuasive.

**AFFIRMED.**